## TOWNSEND v. WALTER KIDDE & CO., Inc.

### Civ. No. 3695.

District Court, D. Massachusetts.

July 11, 1945.

M. James Zelman, of Boston, Mass., for plaintiff.

Nathan Heard and Frederick A. Tennant, both of Boston, Mass., and Samuel E. Darby, Jr., of New York City, for defendant.

SWEENEY, District Judge.

This action was originally brought in the Superior Court of the Commonwealth of Massachusetts and was removed to this Court on petition of the defendant. The

declaration is in three counts: the first to collect royalties due under the terms of a written contract; the second for fraud in the inducement of the contract; the third for breach of a separate oral agreement.

The defendant has filed a motion to dismiss the action on the ground that the plaintiff's declaration fails to state a claim against the defendant upon which relief can be granted. In addition, the defendant has moved for dismissal of the action, or in lieu thereof, to quash the return of service of summons on the grounds that the defendant is a New York Corporation and is not subject to service of process in the District of Massachusetts, and was improperly served with summons in the action. The defendant also maintains that the declaration should be dismissed because Specialties Development Corporation is an indispensable party and has not been joined in the action.

■ In support of its position that the declaration does not state a cause of action the defendant relies mainly on the fact that the contract was made in the name of Specialties Development Corporation, and not in the name of the defendant. However, the declaration alleges the existence of an undisclosed agency between the defendant and the Specialties Development Corporation. This is sufficient to make the pleading good as against a motion to dismiss. If the defendant wishes to raise the question of non-existence of the agency relationship, it should be done by way of answer.

I believe that defendant's contentions with respect to the sufficiency of the allegations of fraud in the declaration are equally without merit. Rule 8(a) of the Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief". There are allegations in Count 2 of the declaration which are sufficient to support the claim to relief for fraud. See Feldman v. Witmark, 254 Mass. 480, 150 N.E. 329.

■ Rule 8(e) (2) of the Federal Rules of Civil Procedure, supra, permits alternative and inconsistent pleading. The defendant's objection to the declaration on the ground of inconsistency is not supportable. There is no necessary merger of fraudulent representations in a written agreement. Connelly v. Fellsway Motor Mart, Inc., 270 Mass. 386, 170 N.E. 467.

■ With respect to the jurisdictional question the defendant made an actual appointment of the Commissioner of Corporations and Taxation of Massachusetts as its agent "upon whom all lawful processes in any action or proceeding against it in Massachusetts may be served". The jurisdiction over the defendant therefore is based upon consent and not upon a statutory appointment in default of an actual appointment. Its delimitations are determined only by reference to the extent of the consent given. In the instant case the defendant is bound by the terms of the actual appointment of the Commissioner of Corporations and Taxation to accept service of process. Neirbo Co. et al. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. Having consented to be sued in Massachusetts the question of venue is governed by Section 51 of the Judicial Code, 28 U.S.C. A. § 112.

■ There remains for consideration the defendant's motion to dismiss on the ground of non-joinder of Specialties Development Corporation as an indispensable party. If a principal—agent relationship is established in the trial on the merits the plaintiff may proceed against the defendant without formal joinder of the agent. The interest of the alleged agent is not of such character as to come within the rule of Shields v. Barrow, 17 How. 130, 58 U.S. 130, 15 L.Ed. 158, and State of Washington v. United States, 9 Cir., 87 F.2d 421. At most the Specialties Development Corporation might be a necessary party but the conditions requisite to its joinder have not been fulfilled. Rule 19(b), Federal Rules of Civil Procedure, supra.

In the light of the foregoing the motions to dismiss and the motion to quash the return of service of summons are denied.