## CARL GUTMANN & CO., Inc. v. ROHRER KNITTING MILLS, Inc. et al.

### Civil Action No. 8620.

United States District Court
E. D. Pennsylvania.

Feb. 2, 1949.

David Ray Bernstein, of New York City, Leo M. Drachsler, and Samuel Kagle, of Philadelphia, Pa., for plaintiff.

Max Goldman, of Auburn, N. Y., and Conlen, LaBrum & Beechwood, of Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

Plaintiff filed its statement of claim for breach of contract with copy of a written contract attached thereto as an exhibit. Defendants have filed their motion to dismiss alleging, inter alia, that the four alleged causes of action are stated in a manner so prolix, repetitious and replete with immaterial, impertinent, redundant and evidential matters and conclusions of law as to constitute a gross violation of Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and, as so set forth, are impossible to answer in a clear and adequate manner; furthermore, as to the fourth cause of action, that the Court is without jurisdiction to entertain said cause of action for the reason that no diversity exists between plaintiff and one of the parties defendant thereto, Warr-Ell Mills, Inc.

This Court has performed the laborious task of reading the statement of claim. There emerges out of the maze of words and repetitions the fact that this is a simple action for damages for breach of contract which plaintiff has divided into four causes of action. The first cause of action seeks damages for an alleged failure and refusal of one of the defendants, Rohrer Knitting Mills, Inc., to permit plaintiff to make sales on a commission basis. The second cause of action seeks damages for anticipated future loss of commissions, covering the balance of the contract period. The third cause of action seeks damages, past and future, for alleged refusal of defendant (Rohrer) to sell directly to plaintiff under other provisions of the contract There is a fourth cause of action for damages based on an alleged conspiracy of Rohrer Knitting Mills, Inc., with the other defendants.

To set forth this action to recover damages for refusal of the defendant, Rohrer Knitting Mills, Inc., either to sell directly to plaintiff or to pay it a commission for selling as agent on their behalf in accordance with the contract, and damages for an alleged conspiracy in relation thereto between that defendant and the other defendants, the complaint, exclusive of the exhibit, consists of forty legal size typewritten pages. And in spite of the fact that it realleges by reference Paragraphs 1-23 of the complaint in Paragraph 37, Paragraphs 1–23 and 25–29 in Paragraph 47, and Paragraph 42 in Paragraph 51, it nevertheless remains a monumental tome of one hundred fourteen paragraphs.

As to the fourth cause of action based upon conspiracy, there is a further difficulty. The only ground of jurisdiction here is diversity of citizenship. The complaint shows that the plaintiff and one of the defendants (Warr-Ell Mills, Inc.) are both corporations of and doing business in the State of New York. Where, as here, the plaintiff and one of the defendants are citizens of the same State, the Federal District Court is without jurisdiction. Schuckman v. Rubenstein, 6 Cir., 164 F.2d 952; Wells v. Universal Pictures Co., 2 Cir., 166 F.2d 690.

As to the entire complaint, its prolixity and involved and repetitious verbiage are such that no purpose would be served by attempting to select portions to be stricken. It is such a gross and injustifiable violation of the requirements of Rule 8 (a and e) of the Federal Rules of Civil Procedure that the motion of defendants to strike the complaint is granted, with leave, however, to the plaintiff to serve an amended complaint within twenty days from the date of the service of this Order.

The remaining questions raised by defendants need not be discussed now since an amended complaint may present entirely different problems.