**MUTH v. ÆTNA OIL CO. et al.**

No. 10279.

United States Court of Appeals
Seventh Circuit.

Dec. 6, 1951.

Albert Ward, Palmer K. Ward, Indianapolis, Ind., Milford M. Miller, William C. Welborn, Evansville, Ind., for appellant.

Joe S. Hatfield, Charles H. Sparrenberger, Joe Vol Butt and Bert C. Cheatham, all of Evansville, Ind., De Roo Weber, Mount Vernon, Ind., Curtis C. Plopper, Evansville, Ind., for appellees.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

MAJOR, Chief Judge.

This court, on May 8, 1951, rendered its opinion affirming the judgment of the district court in favor of the defendants, 188 F.2d 844, and on the same date entered its judgment accordingly. The Supreme

Court of the United States, on October 15, 1951, allowed certiorari, and on the same date ordered "that the judgment of the said United States Court of Appeals in this cause be, and the same is hereby, vacated," and further ordered "That this cause be, and the same is hereby, remanded to the said Court of Appeals for the purpose of determining whether there was jurisdiction by virtue of diversity of citizenship." 72 S.Ct. 73.

The opinion of this court contains the following statement, 188 F.2d at page 846: "The purpose of making Boland a defendant is not clear, but we suspect it was to preserve diversity jurisdiction. It certainly appears that his interests were not hostile to those of Muth. Boland failed to answer and a default was taken as to him. In the state of the record, we are unable to discern whether Boland was a citizen of Illinois, as alleged, or of Indiana. However, no jurisdictional issue is pressed here and we give the question no further consideration." That statement was in part inaccurate and, in any event, was improvident and should not have been made.

In compliance with the mandate of the Supreme Court, we have examined the record with a view of ascertaining if diversity jurisdiction was shown. The Special Master found: "Plaintiff, John J. Muth, is a citizen of the State of Texas, with his residence at 5320 Pershing Street, in the City of Ft. Worth, in said State, and was such citizen at the time of the institution of this action herein; that the defendant Aetna Oil Company, Inc., is a corporation, incorporated under the laws of the State of Kentucky and is a citizen of said State, with its main office at the city of Louisville, Kentucky, with offices at number 18 Court Building, in the City of Evansville, Indiana; the defendant, Johnston Drilling Company, Inc., is a corporation, incorporated under the laws of the State of Indiana, and is a citizen of said State, with its main office at 208 S.E. Riverside Drive, in the city of Evansville, Indi-

ana; that the defendants, Fred J. Keck and Ida F. Keck, his wife, are citizens of the State of Indiana, residing in Vanderburgh County, said State; that the defendants, Arthur Oeth and Robert Oeth, are citizens of the State of Indiana, residing in Posey County, said State; that the defendant, James A. Boland, is a citizen of the State of Illinois, with his residence at the city of Olney, in said State and temporarily residing in the City of Evansville, Indiana; that the defendant, Ollie Husk, is a citizen of the State of Indiana, and resides in the City of Evansville, Indiana."

Predicated on this finding, the Master further found "That there is now and was at the time of the institution of the action herein, diversity of citizenship between the plaintiff, John J. Muth, and the defendants, and each of them * * *." Following such finding the Master concluded as a matter of law "That this court has jurisdiction of the parties and of the subject matter of this controversy." The findings and conclusion thus made by the Master were approved by the court without objection.

The record supports the jurisdictional findings of the Master, and his conclusion that the court had jurisdiction necessarily follows. Subsequent to the mandate of the Supreme Court, counsel for the plaintiff filed in this court a "Motion for Leave to Amend Jurisdictional Averments in Complaint." The complaint alleged that certain of the defendants were "residents" of the State of Indiana, and by the motion it is sought to amend the complaint by alleging that they were "citizens" of that State. Under the circumstances, the motion to amend is allowed.

We hold that the court had jurisdiction and reaffirm our previous opinion, with the exception of the statement heretofore referred to as improvident, and the judgment entered in conformity with said opinion but vacated by the Supreme Court is herewith reinstated.