Frank L. SWACKER, Jr., et al., Plaintiffs,

v.

INTERSTATE RAILROAD COMPANY et al., Defendants.

RAILWAY LABOR EXECUTIVES' ASSOCIATION et al., Plaintiffs,

v.

The SOUTHERN RAILWAY COMPANY et al., Defendants.

Civ. A. Nos. 922, 976.

United States District Court
W. D. Virginia,
Abingdon Division.

Dec. 29, 1962.

Shannon & Newman, Appalachia, Va., for plaintiffs Frank L. Swacker, Jr., and others.

William G. Mahoney, Washington, D. C., for plaintiffs Railway Labor Executives' Assn., and others.

Leslie M. Mullins and Robert T. Winston, Norton, Va., and Marvin E. Frankel, New York City, and James I. Hardy, Washington, D: C., for defendants.

DALTON, Chief Judge.

Early in 1961 the relatively small Interstate Railroad Company, operating in Wise and Scott Counties, Virginia, was, with approval of the Interstate Commerce Commission on February 16, 1961, acquired by the Southern Railway Company. The order approving and authorizing the acquisition contained a clause, known as Condition No. 8 of the so-called *Oklahoma* conditions (adopted as part of the *New Orleans* conditions), which reads as follows:

> "8. In the event that any dispute or controversy arises with respect to

the protection afforded by the foregoing Conditions Nos. 4, 5, 6, and 7, which cannot be settled by the carriers and the employee, or his authorized representatives, within 30 days after the controversy arises, it may be referred by either party, to an arbitration committee for consideration and determination, the formation of which committee, its duties, procedure, expenses, et cetera, shall be agreed upon by the carriers and the employee, or his duly authorized representatives."

Within less than a year certain Interstate employees, namely, Frank Swacker and twenty-four others, became unhappy over the merger arrangement, and on December 26, 1961, filed Civil Action No. 922 in this Court, asserting that they lost their jobs by the merger and had thereby been deprived of benefits to which they were entitled under the merger agreement as approved by the Interstate Commerce Commission.

Interstate has answered denying the allegations of Swacker, et al., and asserts there is no liability on the Railway Company to the plaintiffs or either of them. It should be noted here that both the plaintiffs and the Railway Company have agreed that this (Swacker) case, embracing the claims of some twenty-five employees, should be heard by the United States District Court, and no contention is raised that these particular claims should be submitted to arbitration.

However, the Railway Labor Executives' Association, Brotherhood of Maintenance of Way Employes, et al., takes a different view as to the method or forum for determination of the controversy as to the rights of the employees under the Interstate Commerce Commission order of February 16, 1961, and on May 16, 1961, it filed an action in the United States District Court for the District of Columbia against Southern Railway Company and Interstate Railroad Company, seeking a mandatory injunction to require defendants to go forward with arbitration to resolve the claims of the individual plaintiffs.

Defendants answered in the District of Columbia Court, denying liability, and suggested that the proper venue was in the United States District Court for the Western District of Virginia (Abingdon Division) where the Swacker action was pending.

On August 7, 1962, the United States District Court for the District of Columbia, "for the convenience of the parties and witnesses, in the interest of justice", transferred this case to the Western District of Virginia (Abingdon Division).

An order was entered September 17, 1962, consolidating Swacker v. Interstate (No. 922) and Railway Labor Executives' Association v. The Southern Railway Company (No. 976) for the purpose of a pre-trial conference and consideration of the motion for summary judgment in Action No. 976, and such a hearing was held in October, 1962, where the Court heard full and skillful arguments presented on the meaning and construction of Clause 8 of the *Oklahoma* conditions.

Apparently, neither the United States Supreme Court nor the United States Court of Appeals has yet had the opportunity of interpreting the meaning of Clause 8 as it relates to arbitration. Consequently, we are concerned with a problem undetermined by our higher courts, and in this era of railroad mergers, already approved by the Interstate Commerce Commission, using the Clause 8 language, and many others pending, the question of the interpretation of the clause becomes quite important and of far-reaching consequences.

██ Bearing in mind that a summary judgment should be granted if there be no genuine issue as to any material fact, the question arises whether there are such factual issues here.

Defendants allege the existence of factual issues: (1) as to whether plaintiffs

have an adequate remedy other than the mandatory injunction prayed for, (2) as to whether plaintiffs' jobs were affected by Southern's acquisition of Interstate, (3) Railway Labor Executives' Association's standing to sue, (4) the fact that two plaintiffs, Holbrook and Kindle, are named as plaintiffs in both suits, seeking a money judgment in one case and arbitration in the other.

■■ As to the alleged factual issues (3) and (4), this Court's view is that Railway Labor Executives' Association does have standing to sue, and as to the two employees suing in each of the two cases, the attorneys for plaintiffs in both actions agreed they would be dropped as plaintiffs in one of the cases—hence this is not considered as a factual issue. As to the first two points, the Court feels that a more complete development of the facts and law surrounding the disputes is needed by the Court, and on factual issues alone the Court withholds and denies granting the motion for summary judgment at this time, but the Court will again view the motion after the case is more fully presented.

More important is the fact that at this stage of the proceedings it does not appear to this Court that "the moving party is entitled to a judgment as a matter of law."

The language of Clause 8 does not say that arbitration is compulsory. The context indicates to this Court that if either party desires to refer the controversy to arbitration that the mechanics of arbitration shall then be agreed upon by the parties. Here the Railway defendants positively say they cannot agree upon the formation of an arbitration committee, or its duties, or its procedure, or how its expenses shall be paid, or anything connected with arbitration, but to the contrary, stand firm that the controversy shall be considered and determined by the United States District Court.

That the Interstate Commerce Commission could have intended so drastic a limitation on the rights of either party to a judicial determination of this matter by the loose and equivocal language employed in the above-quoted clause seems inconceivable to this Court, particularly in view of 49 U.S.C.A. § 16(12) and 28 U.S.C.A. § 1336, which expressly designate the United States District Courts as the proper enforcement bodies for Interstate Commerce Commission orders. The fact that there is no statute expressly giving the Interstate Commerce Commission power to force either of the parties to arbitrate disputes arising out of its orders is also persuasive in leading the Court to believe that the contested clause was intended to provide only a voluntary method of settlement. Therefore, it is this Court's view that Clause 8 is meant to provide a voluntary procedure for settling disputes. The Railway prefers not to arbitrate under Clause 8, asserting that it is not compulsory, and the Court adopts this view.

We would be much happier for the controversy to be handled by arbitration, which would avoid much detail work and consideration on the part of the Court, and we feel it could be more satisfactorily handled by arbitration, but since defendants insist that the claims of plaintiffs be considered in this judicial forum, the Court assents.

The attorneys in the Swacker case have agreed for the Swacker case, Civil Action No. 922, to continue and be determined by this Court.

■ In view of the Court's ruling in the case of Railway Labor Executives' Association, et al. v. The Southern Railway Company, Civil Action No. 976, that the motion for summary judgment be denied, the Court, on its own motion, will consolidate the two cases for further proceedings.

■ By reason of the many claims (some twenty-five in Action No. 922, and some twenty-one in Action No. 976) involved, which will require individual consideration, and the ensuing amount of time and detail work which will be re-

quired to properly determine the factual and legal issues involved, the Court feels that the matters should be referred to a Special Master for report to the Court on the disputes and controversies presented in these actions.

An order is being entered in accordance with these views.