William B. CASS

v.

**SONNENBLICK–GOLDMAN CORP.,**
**Ralph P. Obedin, and the Prudential**
**Insurance Company of America.**

**Civ. A. No. 43550.**

United States District Court
E. D. Pennsylvania.

Aug. 7, 1968.

Austin J. McGreal, Philadelphia, Pa., for plaintiff.

Edward Greer, Philadelphia, Pa., for defendant.

## OPINION

MASTERSON, District Judge.

On September 12, 1967, the plaintiff, William B. Cass, instituted this action alleging breach of contract, fraudulent conversion, and fraudulent misrepresentation on the part of the defendants. The plaintiff alleged original federal jurisdiction pursuant to Title 28 U.S.C. § 1332(a) on the basis of diversity of citizenship of the parties. Presently the defendants all have made motions to dismiss. The defendant Ralph P. Obedin has based his motion to dismiss partially upon the claim that there does not exist diversity of citizenship between himself and the plaintiff. He also has joined with the other defendants in their argument that the plaintiff's action must be dismissed because it does not involve a matter in controversy exceeding the sum of $10,000.00 as required by Title 28 U.S.C. § 1332(a). For the reasons discussed below, Obedin's motion to dismiss will be granted and the motions to dismiss made by the other two defendants will be denied. The Court also has decided to consolidate this case with a currently pending civil action instituted in this district court by Sonnenblick-Goldman Corporation against William Cass and other defendants.

The plaintiff alleges in his complaint that he is a citizen and resident of Pennsylvania, that the defendant Sonnenblick-Goldman Corporation, hereinafter referred to as Sonnenblick, was incorporated in the state of New York and has its principal place of business there, that the defendant the Prudential Insurance Company of America, hereinafter referred to as Prudential, was incorporated in the state of New Jersey and has

its principal place of business there, and, that Mr. Obedin is a "* * * citizen of a state other than that of Plaintiff", i. e. other than Pennsylvania. Neither Sonnenblick nor Prudential has controverted the plaintiff's jurisdictional allegations regarding their respective states of incorporation and/or their principal places of business. The defendant Ralph Obedin, however, has denied the plaintiff's allegation that he is a "* * * citizen of a state other than that of Plaintiff." In support of his denial he has filed an affidavit in which he has averred under oath that he is a resident and a citizen of Pennsylvania.

▆ The plaintiff has opposed Obedin's motion to dismiss with the single argument that all allegations in his complaint, including the allegation regarding Obedin's citizenship, must be accepted as true for the purposes of disposing of this motion. The law clearly is to the opposite effect, i. e. once a plaintiff's jurisdictional averments have been challenged the plaintiff bears the burden of establishing the requisite jurisdictional facts. See, E. g. Ramsey v. Mellon National Bank and Trust Company, 350 F.2d 874, 876–877 (C.A.3, 1965), and Hamlin v. Holland, 256 F.Supp. 25, 27 (E.D.Pa., 1966). Therefore, once Obedin challenged the plaintiff's allegation that he was a citizen of a state other than Pennsylvania, the plaintiff assumed the burden of supporting that allegation by affidavit or other evidentiary matter, in order to satisfy the standards of Title 28 U.S.C. § 1332 which require that the citizenship of each plaintiff must be diverse from that of each defendant. See, John Birch Society v. National Broadcasting Company, 377 F.2d 194, 197 (C.A.2, 1967).

▆ Despite the fact that the Court granted the plaintiff thirty days from the date of the argument of the defendants' motions to file counter-affidavits or to take depositions in support of his jurisdictional contentions, to this date he has not filed anything to support the general allegations contained in his pleadings which relate to Obedin's alleg-edly foreign citizenship. The only averments contained in the record which are relevant to this issue, therefore, are those contained in Obedin's affidavit which are to the effect that he is a resident and a citizen of Pennsylvania. In the absence of any countervailing showing, under these circumstances the defendant's affidavit is sufficient proof of the absence of diversity and requires this Court to dismiss the plaintiff's action at least insofar as it is directed to Obedin. See, E. g. Bryfogle v. Acme Market, Inc., 176 F.Supp. 43, 45 (E.D. Pa., 1959).

▆ Defendants Sonnenblick and Prudential have argued in their brief that the lack of diversity between Obedin and the plaintiff is fatal to the entire action. Although the law traditionally has required complete diversity of citizenship between parties in actions under Title 28 U.S.C. § 1332, See, Strawbridge v. Curtis, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806), it is clear that a federal court may retain jurisdiction over a case where one of the non-diverse defendants who was dismissed from the case was not an indispensable party. See, Girardi v. Lipsett, Inc., 275 F.2d 492, 494, f. n. 1 (C.A.3, 1960), Kerr v. Compagnie De Ultramar, 250 F.2d 860, 863 (C.A.2, 1958), and Barron and Holtzoff, Federal Practice and Procedure, Volume 1, § 26, p. 154. Resolution of the defendants' contention thus depends upon a determination of whether Obedin is an indispensable party or, instead, merely a necessary party to this action.

▆▆ The Supreme Court enunciated the classic definition of an indispensable party in 1854 in the case of Shields v. Barrow, 58 U.S. (17 Howard) 130, 137, 15 L.Ed. 158:

> "Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

Since that time it has become clear that "* * * there is no prescribed formula for determining * * * whether a person * * * is an indispensable party or not.", Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U.S. 77, 80, 41 S.Ct. 39, 65 L.Ed. 145 (1920), and that, in general, this determination must be guided by practical and equitable considerations of the circumstances of the individual case. See, Provident Trademens B. & T. Co. v. Lumbermens Mut. Cas. Co., 365 F.2d 802, 817–818 (C.A.3, 1966) (Dissenting Opinion, Freedman, J.).

This action arises out of an alleged breach of a contract which was entered into by the plaintiff and other business associates and Sonnenblick. Under the contract Sonnenblick agreed to procure a mortgage loan from Prudential for property owned by the plaintiff. The plaintiff alleges that after Sonnenblick had failed to procure a mortgage commitment, Sonnenblick and Prudential wrongfully refused to return his deposit of $3,000.00 and, instead, deposited the funds to Sonnenblick's account. The plaintiff's complaint indicates clearly that, although Obedin played a conspicuous part in these transactions, at all relevant times he acted as an agent for and in behalf of his employer Sonnenblick. See, Complaint, ¶s 7, 10, and 11. Moreover, the plaintiff's requests for relief are directed primarily to the defendants Sonnenblick and Prudential and not to Obedin, i. e. he has requested the Court to declare the defendants trustees ex maleficio of these funds and to grant him damages resulting from the alleged breach of contract and the alleged fraudulent conversion.

■■ Even though a principal and his agent are both involved in allegedly wrongful acts, they both are not necessarily indispensable parties to an action arising out of those acts. See, E. g. Townsend v. Walter Kidde & Co., 7 F.R. D. 166, 167 (D.Mass., 1945), Western Union Telegraph v. Nester, 106 F.2d 587, 589 (C.A.9, 1939), and generally, B. L. Schrader, Inc. v. Anderson Lumber

Company, 257 F.Supp. 794, 797 (D.Md., 1966); to the contrary, see, Ingersoll v. Pearl Assurance Co., 153 F.Supp. 558, 560 (N.D.Calif., 1957). On the basis of this precedent, and in view of the circumstances of this case outlined supra, the Court must reach the conclusion that Obedin is not an indispensable party to this action and that, therefore, the lack of diversity of citizenship between that defendant and the plaintiff does not itself divest this court of jurisdiction of the remainder of the case under Title 28 U.S.C. § 1332(a). The cases upon which the defendant relies do not involve principal-agent relationships and, accordingly, these holdings are inapplicable here. See, Muth v. Etna Oil Co., 192 F.2d 1014 (C.A.7, 1951), White v. Reach, 26 F. Supp. 77 (D.C.N.Y., 1939), and Gutman and Co. v. Rohrer Knitting Mills, 9 F.R. D. 67 (D.C.Pa., 1949).

■ The defendants Sonnenblick and Prudential also have argued that the matter in controversy in this case does not exceed the value or sum of $10,000.-00 exclusive of interests and costs, and, hence, this Court does not have jurisdiction of this action pursuant to Title 28 U.S.C. § 1332(a). Where the amount in controversy is challenged "* * * the burden of proving * * * (that it) exceeds the jurisdictional minimum rests upon the party alleging the sufficiency of the amount in controversy." Jaconski v. Avisun Corporation, 359 F.2d 931, 934 (C.A.3, 1966). The plaintiff here has attempted to meet this burden by filing two affidavits, one by the plaintiff himself, and the other by Socrates Douvanis, a business associate of the plaintiff, both of which support his claims that the defendants' alleged breach of contract resulted in direct and foreseeable losses in excess of $10,000.-00.

■ It is, of course, difficult to determine whether the amount in controversy exceeds the minimum jurisdictional amount in a case such as the present where a major element of the requested damages is unliquidated. See, *Jaconski,*

supra, 359 F.2d at 934. Accordingly, in such a case a plaintiff is considered to have satisfied his burden if he has shown that his claim was made in "good faith", See, *Jaconski*, 359 F.2d at p. 934, and dismissal is improper unless " * * * it appears with legal certainty that the claim cannot possibly reach the requisite level * * *." Gullborg v. Rizzo, 331 F.2d 557, 561 (C.A.3, 1964).

 It is clear in this case that the plaintiff's averments regarding his loss of an opportunity to finance a million dollar development constitute at least a colorable claim in excess of the requisite jurisdictional amount. Although the evidence at trial might indicate that these losses were too remote to be chargeable to these defendants, this possibility is not a basis upon which the Court properly can decide that it lacks jurisdiction. Hence, the Court must deny the motions to dismiss made by the defendants Sonnenblick and Prudential.

 Finally, the Court must take judicial notice of a civil action currently pending in this district court prosecuted by Sonnenblick as plaintiff against Cass and his business associates including Douvanis. It is clear that this action arises out of the same factual circumstances involved here, i. e. the contract between Cass and Sonnenblick by which the latter was to procure a mortgage for the former. In view of this background and in view of the fact that consolidation of these actions will " * * * avoid unnecessary costs or delay * * *", will lead to a swift and fair resolution of the litigation between these parties, and will in no way prejudice any of the parties, the Court will order consolidation of these actions pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Although neither party has made a motion pursuant to Rule 41(a) for consolidation it is clear that this Court in the exercise of its discretion may order consolidation *sua sponte*. See, Miller v. Baird, 239 F.Supp. 754, 756 (E.D.Tenn., 1965).

For all the reasons discussed above the defendant Obedin's motion to dismiss is granted and the motions to dismiss made by the defendants Sonnenblick and Prudential are denied. The Court will order consolidation of the above-captioned case with the case of Sonnenblick v. Cass, et al, C.A. #38660, which is currently pending in this district court.