James H. MILLIGAN, et al., Plaintiffs-Appellants,

v.

Robert C. ANDERSON, an Individual, et al., Defendants-Appellees.

No. 74–1558.

United States Court of Appeals, Tenth Circuit.

Argued May 19, 1975.

Decided Sept. 24, 1975.

James A. Kirk, Oklahoma City, Okl. (Linn, Helms & Kirk, Oklahoma City, Okl., on the brief), for plaintiffs-appellants.

Joel L. Wohlgemuth, Tulsa, Okl. (Rizley, Prichard, Ford, Norman & Reed, Tulsa, Okl., on the brief), for defendants-appellees William Ross Cabeen and Cabeen Exploration Corp.

Before LEWIS, Chief Judge, and McWILLIAMS and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

The issue here to be resolved is whether the trial court erred in dismissing a diversity action for want of jurisdiction. James Milligan, Gene McGill and Frank Oller, all citizens of the State of Oklahoma, brought an action in the United States District Court for the Western District of Oklahoma against Robert Anderson, William Ross Cabeen, and the Cabeen Exploration Corporation, a corporation. William Ross Cabeen and Cabeen Exploration Corporation will hereinafter be referred to as Cabeen. The three defendants were alleged to be citizens of California and jurisdiction was based on 28 U.S.C. § 1332.

The gist of the complaint was that Anderson, acting as an agent for Cabeen, had made false and fraudulent representations to the three plaintiffs and that in reliance upon such misrepresentations the plaintiffs entered into certain oral contracts with the defendants in Oklahoma City, Oklahoma. The oral contracts thus entered into concerned the development of oil and gas interests in South America. Based on such oral contracts the plaintiffs, according to the complaint, delivered in Oklahoma City certain sums of money to the defendants, in return for which the plaintiffs were to receive a percentage interest in the oil and gas interests being thus developed.

The complaint went on to allege that written contracts were later furnished the plaintiffs by the defendants, but that the written contracts were totally dissimilar to the oral agreement between the parties. By way of relief the plaintiffs sought judicial rescission of the oral agreement between the parties, as well as a judgment for the monies paid to the defendants.

The one defendant, Robert Anderson, made a "Special Appearance and Plea of

No Jurisdiction" and attached thereto his affidavit wherein he stated that, contrary to the allegations in the complaint, he was a citizen of Oklahoma, and not a citizen of California. The plaintiffs were apparently convinced that Anderson was in fact a citizen of Oklahoma. In any event, the plaintiffs then filed a motion to drop Anderson as a party defendant on the grounds that his presence in the proceeding was not required by Fed.R.Civ.P. 19. The trial court, without waiting for a response, granted the motion to drop Anderson from the proceedings. Thereupon Cabeen filed a motion to vacate the order dropping Anderson from the case, alleging that under Rule 19 Anderson was an indispensable party. Cabeen also filed a motion to dismiss on the grounds that if the order dropping Anderson from the case be vacated, then there was a lack of complete diversity between all of the plaintiffs and all of the defendants, in which event there was a lack of subject matter jurisdiction under 28 U.S.C. § 1332. Additionally, Cabeen moved to dismiss on the ground that in dealing with the plaintiffs in Oklahoma, Anderson was not acting as his agent, and that accordingly the trial court lacked in personam jurisdiction over Cabeen.

In ruling on these several motions the trial court had before it the affidavits of Anderson and Cabeen, and the rather lengthy depositions of all three plaintiffs, as well as a deposition of Anderson. Based thereon the trial court concluded that Anderson was an indispensable party and accordingly vacated its earlier order dropping Anderson from the case. The trial court then granted the motion to dismiss filed by Cabeen on the ground that with Anderson back in the case there was not a complete diversity of parties, thereby defeating jurisdiction under 28 U.S.C. § 1332. Additionally, the trial court concluded that it did not have in personam jurisdiction over Cabeen, presumably on the basis that Anderson was not acting as an agent for Cabeen, and sustained the motion to dismiss on this additional ground. The three plaintiffs now appeal the dismissal of their action. We shall first consider the question as to whether under Rule 19 Anderson is to be deemed an indispensable party.

■ In our view of the matter Anderson is not an indispensable party. Under the circumstances disclosed in the record before us he may well be a proper party, and perhaps a necessary or desirable party, but not an indispensable party. Indispensable parties are those without whom the action cannot proceed, and must be joined even if by such joinder the court loses jurisdiction over the controversy. 2 Barron & Holtzoff, Federal Practice & Procedure 85, 86 (Revised ed. 1961). This court in *Skelly Oil Co. v. Wickham,* 202 F.2d 442 (10th Cir. 1953), defined "indispensable party" in the following language:

An indispensable party is one who has such an interest in the subject matter of the controversy that a final decree cannot be rendered as between other claimants, of interest in the subject matter, who are parties to the action, without radically and injuriously affecting his interest and without leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience.

While the quoted language applies to "indispensability" as it was defined prior to the 1966 amendment to Rule 19, it nevertheless comports with recent definitions of the term. The 1966 amendment to Rule 19 was not intended as a change in principles, and instead the amendment simply sought to eliminate a degree of confusion which had previously surrounded the rule. *Provident Bank v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). *See also* C. Wright, Law of Federal Courts 299–301 (2d ed. 1970).

Proceeding to a consideration of whether an agent is generally an indispensable party in an action against his principal, we note that in *Fry v. Penn. Mut. Life Ins. Co.,* 159 P.2d 550 (Okl.

1945), the Oklahoma Supreme Court held that an agent acting for a disclosed principal is not even a necessary or proper party in an action brought to require specific performance. In *Townsend v. Walter Kidde & Co.*, 7 F.R.D. 166 (D.C. Mass.1945), the plaintiff sued the defendant as an allegedly undisclosed principal, in which circumstance the court held that the agent of such undisclosed principal was not an indispensable party. See also *Cass v. Sonnenblick-Goldman Corp.*, 287 F.Supp. 815 (E.D.Pa.1968), where it was held that even though a principal and his agent are both involved in allegedly wrongful acts, they both are not necessarily indispensable parties to an action arising out of those acts. Accordingly the court in *Cass* dismissed the agent, who along with his principal was a named defendant, on the ground that the agent was not an indispensable party.

■ Under the authorities above cited we conclude that Anderson is not an indispensable party. The plaintiffs seek to rescind oral contracts which they entered into with Cabeen, who was allegedly acting through his agent, Anderson. So, under plaintiffs' theory of the case, the contract they seek to rescind is with Cabeen, and not Anderson. Hence, Anderson had no personal interest, as such, in the contract which he negotiated for Cabeen. Additionally, the plaintiffs seek return of the monies which they gave Anderson, who in turn delivered the checks in question to Cabeen. Incidentally, the checks in question were all made out to Cabeen, and he cashed the checks and received the proceeds therefrom. Under these circumstances the trial court can accord complete relief as between the plaintiffs and Cabeen, and the other factors mentioned in Fed.R. Civ.P. 19 do not in our view dictate a finding that Anderson is an indispensable party. The fact that Cabeen paid Anderson a finder's fee out of certain monies he received from the one plaintiff, Milligan, does not alter the situation. That is a matter strictly between Cabeen and Anderson. In such circumstances the trial court erred in vacating its earlier order dropping Anderson from the case, and its dismissal of the action against Cabeen cannot be upheld on the ground that there is not a complete diversity of parties. There is a complete diversity of the indispensable parties.

■ The trial court also based its dismissal of the action as concerns Cabeen on the additional ground that he was not subject to service of process under the Oklahoma long arm statute. This holding was presumably based in turn on the premise that in his various dealings with the plaintiffs in the State of Oklahoma Anderson was not acting as an agent for Cabeen, although the trial court admittedly made no specific mention of this particular matter. In any event, our study of the record convinces us that the plaintiffs did establish, at least prima facie, that in his dealings with the several plaintiffs Anderson was acting as Cabeen's agent.

12 Okl.Stat.Ann. § 1701.03 provides that a court may exercise personal jurisdiction over a person who, though a citizen of another state, acts either directly or by an agent as to a cause of action arising from the person's "transacting any business in this state." In *Fidelity Bank N.A. v. Standard Industries, Inc.*, 515 P.2d 219 (Okl.1973), the Oklahoma Supreme Court stated that "this statute was intended to extend the jurisdiction of Oklahoma courts over nonresidents to the outer limits permitted by the United States Constitution's due process requirements." In this same regard, *see Vemco Plating, Inc. v. Denver Fire Clay Company*, 496 P.2d 117 (Okl.1972), and *B. K. Sweeney Co. v. Colorado Interstate Gas Co.*, 429 P.2d 759 (Okl.1967).

Oklahoma has traditionally followed the Restatement definition of agency. *See Banning Transportation, Inc. v. Vansickle*, 527 P.2d 586 (Okl.1974); *Agee v. Gant*, 412 P.2d 155 (Okl.1966), and *Farmers Nat. Grain Corporation v. Young*, 187 Okl. 298, 102 P.2d 180 (1940).

American Law Institute, Restatement 2d Agency, § 1 reads as follows:

Agency; Principal; Agent

(1) Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.

(2) The one for whom action is to be taken is the principal.

(3) The one who is to act is the agent.

Of particular applicability to the present case is the following "Comment" under § 1:

b. *Agency a legal concept.* Agency is a legal concept which depends upon the existence of required factual elements: the manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking and the understanding of the parties that the principal is to be in control of the undertaking. The relationship which the law calls agency does not depend upon the intent of the parties to create it, nor their belief that they have done so. To constitute the relation, there must be an agreement, but not necessarily a contract, between the parties; if the agreement results in the factual relation between them to which are attached the legal consequences of agency, an agency exists although the parties did not call it agency and did not intend the legal consequences of the relation to follow.

\* \* \* \* \* \*

When it is doubtful whether a representative is the agent of one or the other of two contracting parties, the function of the court is to ascertain the factual relation of the parties to each other and in so doing can properly disregard a statement in the agreement that the agent is to be the agent of one rather than the other, or a statement by the parties as to the legal relations which are thereby created. \* \* \*

As to whether there was in fact an agency relationship between Anderson and Cabeen, we recognize that in his affidavit Cabeen in conclusory fashion denied that Anderson was acting as his agent in soliciting the plaintiffs to invest monies in his (Cabeen's) South American oil ventures, and stated that actually he thought Anderson was acting as agent for the plaintiffs. Such conclusory self-serving declarations must in our view give way to the testimony of Anderson as given in his deposition concerning his relationship with Cabeen.

In the instant case Cabeen and Anderson were relatively long-time acquaintances, with Anderson having at one time been an employee of Cabeen's. After this employment relationship was terminated, Anderson continued to see Cabeen on numerous occasions. Getting down to the case at hand, Cabeen, who was a resident and citizen of California, had some oil and gas interests in South America, and he proposed to develop and further explore such interests. To initiate such operations Cabeen apparently needed some additional financing. According to Anderson, Cabeen asked him, Anderson, to find some investors for him. In this general setting Anderson, who maintained offices in Oklahoma City, contacted the three plaintiffs in Oklahoma City and succeeded in interesting them in these oil and gas ventures. The plaintiffs did invest and gave their personal checks, made out to Cabeen, to Anderson, who in turn delivered them to Cabeen. Cabeen cashed these checks, though one of the plaintiffs stopped payment on his particular check. From time-to-time Cabeen sent various materials relating to these South American ventures to Anderson in Oklahoma City, who in turn used such materials in his dealings with the plaintiffs. Later, Cabeen sent written agreements to Anderson in Oklahoma City for transmission to the plaintiffs for their signatures. These agreements were between Cabeen and the several plaintiffs. It was these written agreements which the plaintiffs claim were at variance with the oral contracts which they had earlier entered into with Anderson acting on behalf of Cabeen. The plaintiffs declined to sign

the contracts thus tendered, and demanded return of their money. Cabeen refused this demand and instead billed them for excess drilling costs.

■ On the question of agency Cabeen contends that Anderson was an independent contractor, and relies on such cases as *Appleby v. Kewanee Oil Company,* 279 F.2d 334 (10th Cir. 1960). The facts in *Appleby* are quite different from those in the instant case. Actually language from *Appleby* is supportive of our position in the instant case. In that case it was observed that a broker of an oil and gas interest "is but a species of agent who may also be an independent contractor." We do not believe the terms "agent" and "independent contractor" to be necessarily mutually exclusive.

■ Without going into further detail, in our view the plaintiffs did establish, at least prima facie, threshold jurisdiction in the trial court based on an agency relationship between Cabeen and Anderson. At this stage of the proceedings the plaintiffs should not be required to submit proof which would, in effect, establish the validity of their claims and their right to the relief sought. Our conclusion that the plaintiffs have established at least threshold jurisdiction does not relieve them of the burden upon trial of proving the facts upon which jurisdiction is based by a preponderance of the evidence. *Burchett v. Bardahl Oil Company,* 470 F.2d 793 (10th Cir. 1972), and *United States v. Montreal Trust Company,* 358 F.2d 239 (2d Cir. 1966). *See also Murphy v. Erwin-Wasey, Inc.,* 460 F.2d 661 (1st Cir. 1972).

■ There is some suggestion that even assuming an agency relationship between Anderson and Cabeen, there were insufficient minimal contracts between plaintiffs and Cabeen, acting through his agent, Anderson, in Oklahoma, to come within the parameters of such cases as *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

We do not agree with this suggestion and are firmly of the view that in holding that there is in personam jurisdiction over Cabeen we are not doing violence to traditional concepts of fair play and substantial justice. The totality of the contacts in the instant case is in our view greater than the contacts in *Fidelity Bank, N.A. v. Standard Industries, Inc.,* 515 P.2d 219 (Okl.1973), where the Oklahoma Supreme Court held that three defendants, all foreign corporations not authorized to do business in Oklahoma, had sufficient contacts with Oklahoma to justify the trial court in exercising jurisdiction under 12 Okl.Stat.Ann. § 1701.03.

Judgment reversed and cause remanded for further proceedings consonant with the views herein expressed.