VI`I PITA, Plaintiff/Counterdefendant

v.

MIRIAMA GARRETT, and RICHARD GARRETT,
Defendants/Counterclaimants/Cross-Claimants

v.

TERRITORIAL REGISTRAR, and
SURVEY MANAGER OF THE DEPARTMENT OF PUBLIC
WORKS,
MEKO AIUMU, Cross-Defendants

_____

TIMU LEVALE, by and on behalf of the TIMU FAMILY, Plaintiffs

v.

RAY McMOORE, SESE McMOORE, and IOANE FE`AFE`AGA
ENE, Defendants

_____

HEIRS OF IOANE FE`AFE`AGA ENE, aka MAUGA FE`A ENE,
TOLANI TELESO FUGA, ELETISE MATAGI WOLMAN,
SENEUEFA PRITT, TIMU LEVALE, on behalf of the TIMU
FAMILY, RAY McMOORE, SESE McMOORE, aka SESE PEKO
SAGAPOLU, VI`I PITA, PERALITA CANDY FUAVAI,
TAUINAOLA LAUAMA, FIALE NIKO, aka SOVITA SUAFO`A,
SOVITA LIVING TRUST, MIRIAMA GARRETT, AMERIKA
SAMOA BANK, and DOES 1-10, Defendants

High Court of American Samoa
Land and Titles Division

LT No. 14-93
LT No. 20-93
LT No. 10-95

March 14, 1995

Before RICHMOND, Associate Justice, and AFUOLA, Associate Judge.

Counsel: For Plaintiff/Counterdefendant Vi'i Pita, Marshall Ashley

For Defendants/Counterclaimants/cross-Claimants Miriama Garrett and Richard Garrett, Charles V. Ala'ilima

For Cross-Defendants Territorial Registrar and Survey Manager of the Department of Public Works, Meko Aiumu, Cherie Shelton Norman, Assistant Attorney General, and Henry W. Kappel, Assistant Attorney General

For Plaintiff/Defendant Timu Levale on behalf of the Timu Family, Asaua Fuimaono

For Defendants Ray McMoore and Sese McMoore, aka Sese Peko Sagapolu, Togiola T.A. Tulafono

For Defendants Ioane Fe'afe'aga Ene, aka Mauga Ione Fe'a Ene, and Heirs of Ioane Fe'afe'aga Ene, aka Mauga Ione Fe'a Ene, Albert Mailo

For Plaintiff American Samoa Government, Cherie Shelton Norman, Assistant Attorney General, and Henry W. Kappel, Assistant Attorney General

For Defendants Tolani Teleso Fuga, Eletise Matagi Wolman, Senovefa Pritt, Pearlita Candy Fuavai, Tauinaola Lauama, Fiale Niko, aka Sovita Suafo'a, Sovita Living Trust, and Amerika Samoa Bank, no appearances

Order Consolidating Actions:

The hearing on the order to show cause, initiated by the cross-defendants in LT 14-93, why LT 14-93 and LT 20-93 should not be consolidated came regularly for hearing on March 9, 1995. Counsel listed above for the various parties were present, except for counsel for defendants/counterclaimants/cross-claimants Miriama Garrett and

13

Richard Garrett. Their counsel, however, was given timely notice of the hearing.

 Consolidation is appropriate when actions having "a common question of law or fact are pending before the court." T.C.R.C.P. 42(a), which mirrors F.R.C.P. 42(a). With a common question of law or fact present, the court is permitted to order consolidation, with or without the parties' consent, to serve the purpose of convenience and economy of administration, and is given broad discretion to decide whether consolidation is desirable. 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2383 at 259 (West 1971).

LT 14-93, LT 20-93, and LT 10-95 involve sales of land parcels from the same tract of land. At the heart of all of these transactions is the question of the validity of the transferor's title as individually owned land. While the issue in LT 14-93 also concerns sales of the same parcel to two different parties, the transferor's title is still a central issue.

The number of transactions, along with the family's claim in LT 20-93 of communal land ownership to a portion of the tract, may complicate the trial some, but determination of all of the title issues is still key to the final adjudication of all three actions. We find no basis to conclude that consolidation will lead to confusion or prejudice, or would cause unjustifiable delay or undue additional expense to the parties.

██ LT 10-95 was only commenced on March 8, 1995, and the time for the defendants to answer or otherwise appear had not run at the time of the hearing. Hence, for that reason, several of these defendants did not appear by counsel at the hearing. However, the court may exercise discretion and on its own motion and order consolidation as soon as the common issues become apparent. *Swacker v. Interstate R. Co.*, 32 F.R.D. 234, 237 (D.C. Va. 1962); *Cass v. Sonnenblick-Goldman Corp.*, 287 F. Supp. 815, 237 (D.C. Pa. 1968); *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). Any of these presently unrepresented parties, or any of the presently represented parties for that matter, may still move for separate trials, under T.C.R.C.P. 42(b).

LT 14-93, LT 20-93, and LT 10-95 are now consolidated. It is so ordered.