**Gary T. SEYLER, Appellant in No. 71–1655 and Deborah A. Seyler, his wife**

v.

**STEUBEN MOTORS, INC. and Volkswagen America, Inc.**

**Appeal of Deborah A. SEYLER in No. 71–1656.**

**Nos. 71–1655, 71–1656.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 25, 1972.

Decided June 6, 1972.

Gerald E. Ruth, York, Pa., for appellant.

James W. Evans, Goldberg, Evans & Katzman, Harrisburg, Pa., for Volkswagen of America, Inc.

James K. Thomas, Metzger, Hafer, Keefer, Thomas & Wood, Harrisburg, Pa., for Steuben Motors, Inc.

Before STALEY, ALDISERT and HUNTER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

In this diversity action the district court found that plaintiff-appellants and Steuben Motors, Inc., one of the two named defendants, were citizens of Pennsylvania, thus destroying the requirement of "complete diversity" necessitated by Strawbridge v. Curtiss, 3 Cranch. (7 U.S.) 267, 2 L.Ed. 435 (1806). See 1 Moore's Federal Practice ¶ 0.60 [8.—4]. The finding by the court that Steuben's principal place of business was in York, Pennsylvania, was not clearly erroneous.

Appellants' reliance on the doctrines of pendent or ancillary jurisdiction is misplaced. This is not a commingling of a state claim with one based on a federal question, United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); nor do the

claims come within the ambit of Borror v. Sharon Steel Co., 327 F.2d 165 (3d Cir. 1964). Wilson v. American Chain & Cable Co., 364 F.2d 558 (3d Cir. 1966), and Jacobson v. Atlantic City Hospital, 392 F.2d 149 (3d Cir. 1968), also relied upon by appellant, dealt with amounts in controversy and not the doctrine of complete diversity.

The judgment of the district court will be affirmed.