**Russell O. CAMPBELL, Plaintiff,**

v.

**The TRIANGLE CORPORATION, a Delaware corporation,**

**and**

**Century Tool Company, Inc., a Delaware corporation, Defendants.**

**Civ. A. No. 70–786.**

United States District Court,
E. D. Pennsylvania.

Sept. 12, 1972.

---

[1]. 336 F.2d at 409.

Melvin A. Bank, Bank & Minehart, Philadelphia, Pa., for plaintiff.

Morris R. Brooke, Drinker, Biddle & Reath, Philadelphia, Pa., for defendants.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Plaintiff, a citizen of Pennsylvania, brought this action for breach of contract and fraudulent inducement against Triangle Corporation ("Triangle") and Century Tool Company, Inc. ("Century"). Triangle is a Delaware holding company with its principal place of business in Orangeburg, South Carolina. Century is Triangle's wholly-owned subsidiary, incorporated in Delaware and with its principal place of business in Penndel, Pennsylvania.

Plaintiff alleges that as a member of a management group employed by Century Tool Company, Inc., a New Jersey corporation, Century Tool Company Contract Division, a New Jersey corpora-

tion, and Custom Tool Company, Inc., a Pennsylvania corporation, he was a party to an agreement with Fred and Betty Ueltzen on November 1, 1966 for the purchase by the management group of the outstanding capital of the three corporations which was owned by the Ueltzens. Plaintiff alleges that on March 12, 1968 the 1966 agreement was, in effect, superseded by an agreement between Triangle on the one hand and the Ueltzens and the plaintiff's management group on the other under which Triangle agreed to purchase all the assets of the three corporations through a subsidiary (Century) which was to be formed. The consideration to the management group for the purchase was the issuance of warrants to purchase the common stock of Triangle and five year employment agreements to be entered into by Triangle through its subsidiary, Century. On March 16, 1968, plaintiff and other members of the management group rescinded and cancelled the stock purchase agreement of November 1, 1966 with the Ueltzens. Century entered asset purchase agreements with the three Ueltzen companies on April 30, 1968.

Plaintiff claims that he never received the stock warrants and was never offered a five year employment contract with Triangle or Century. His employment was terminated by Century as of January 1, 1970. Plaintiff seeks damages against Triangle and Century for breach of contract and for fraudulently inducing plaintiff to rescind the November 1, 1966 stock purchase agreement and to continue in the employ of Century.

On January 27, 1972, we denied defendants' motion to dismiss the action for lack of complete diversity. Campbell v. Triangle Corp., 336 F.Supp. 1002 (E.D.Pa.1972). However, in light of Seyler v. Steuben Motors, Inc., 462 F.2d 181 (C.A.3, filed June 6, 1972), we have reconsidered our decision and the parties have filed additional motions. Plaintiff has

moved to dismiss his complaint against Century, the non-diverse defendant. Defendants have cross-petitioned to dismiss the action on the ground that Century is an indispensable party under F.R.Civ.P. 19. For the reasons set forth below, we have concluded that plaintiff's motion should be granted and defendants' motion should be denied.

The purpose of Rule 19 is to insure that "[w]henever feasible the persons materially interested in the subject of an action * * * should be joined as parties so that they may be heard and a complete disposition made." 1966 Advisory Committee Note, 3A J. Moore, Federal Practice ¶19.01 [5.–1] at 2109 (2d ed. 1970). When such joinder cannot be accomplished, "the case should be examined pragmatically and a choice made between the alternatives of proceeding with the action in the absence of particular interested persons, and dismissing the action." *Ibid.* The following factors, set forth in Rule 19(b), are to be considered by a court in making this determination:

"* * * first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *See* Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

■ Defendants argue that a judgment against Triangle would result in the imposition upon Triangle of a liability which is really Century's and therefore the absence of Century in the litigation would be prejudicial to Triangle. Defendants' argument proves too much for if Century alone is liable to plain-tiff, Triangle can establish this fact at trial and prevent a judgment against it. The absence of Century as a party can in no way impede Triangle from establishing its freedom from liability and we therefore fail to find any prejudice to the parties resulting from Century's absence.

Defendants also maintain that Century would be substantially prejudiced by a judgment against Triangle rendered in its absence because plaintiff has asked the court to rescind the agreements of April, 1968 and to award him an interest in Century commensurate with his claimed interest under the 1966 agreement with the Ueltzens. However, any such prejudice to Century's interests can be avoided by limiting relief to money damages against Triangle should plaintiff prevail. Rule 19(b) recognizes that the shaping of relief may avert or lessen prejudice to absent parties, and the award of money damages in lieu of specific relief has been utilized by courts to achieve this purpose. Ward v. Deavers, 92 U.S.App.D.C. 167, 203 F.2d 72 (1953); Miller & Lux, Inc. v. Nickel, 141 F.Supp. 41 (N.D.Cal.1956).

■ Although plaintiff could sue both defendants in the state courts, plaintiff seeks to maintain the action in this court because of the delay that would be involved in proceeding in another forum. The events which gave rise to this litigation occurred in March, 1968. All discovery and preliminary motions have been disposed of and pre-trial memoranda prepared and filed by all parties. In the absence of a showing of unavoidable prejudice to the absent party or the parties before us, we cannot conclude that at this stage in the pre-trial proceedings the availability of an alternative forum in itself is a sufficient ground to warrant the dismissal of the action for nonjoinder. We therefore conclude that the "equity and good conscience" test of Rule 19(b) requires that this action should proceed against Triangle.