509 F.2d 1216
 Richard R. BROGLE, by his Guardian as Litem, Trina A. Van de
Wetering, Appellant,
v.
SOUTH CAROLINA ELECTRIC AND GAS CO., INC., Appellee.
Richard M. GORE, by his Guardian ad Litem, Trina A. Van de
Wetering, Appellant,
v.
SOUTH CAROLINA ELECTRIC AND GAS CO., INC., Appellee.
 Nos. 74--1946, 74--1947.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Jan. 23, 1975.
Decided Feb. 7, 1975.
 
 E. Graydon Shuford and Roy E. Garris, Jr., Columbia, S.C., on brief, for appellants.
 Harold W. Jacobs and John C. B. Smith, Jr., Columbia, S.C., on brief, for appellee.
 Before BUTZNER, RUSSELL and FIELD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal from an order of the district court granting summary judgment in favor of defendant, South Carolina Electric and Gas Co., in their personal injury actions. Defendant has moved for summary affirmance of the judgment; plaintiffs have moved for summary reversal.
 
 
 2
 Plaintiffs allegedly were injured while inmates in the South Carolina Department of Corrections when they came into contact with a defective electrical distribution appliance in the prison yard. Their complaints allege, inter alia, that defendant was 'negligent, careless, reckless, wilful and wanton . . . (i)n continuing to supply electric power to the electric power distribution station with knowledge that said station was unsafe and highly dangerous . . ..' (Brogle R. 3; Gore R. 3 (emphasis added))
 
 
 3
 Defendant moved for summary judgment on the ground that there was no genuine isseu as to any material fact. The supporting affidavits[1] 'show uncontrovertedly that the substation at which the plaintiffs were injured and the electrical distribution lines leading to the substations are the properties of and within the exclusive supervision, maintenance and control of the State of South Carolina.' Brogle v. South Carolina Electric & Gas Co., Civ.No. 73--1264, Gore v. South Carolina Electric & Gas Co., Civ.No. 73--1269 (D.S.C., June 12, 1974). Since plaintiffs offered no opposing affidavits, the district court correctly found that there was no genuine issue as to the ownership and control of the apparatus. Fed.R.Civ.P. 56(e).
 
 
 4
 However, even absent ownership and control, a power company can be held liable for personal injuries if it has actual knowledge that electrical equipment is dangerous and nevertheless continues to supply electricity to the premises. Carroway v. Carolina Power & Light Co., 226 S.C. 237, 243, 84 S.E.2d 728, 730--731 (1954). The affidavits supporting defendant's motion for summary judgment do not go to the element of knowledge. Knowledge was alleged in plaintiffs' complaints and denied in the defendant's answer. It remained a genuine issue of material fact, to be resolved by the district court. Thus, the motion for summary judgment was improperly granted.
 
 
 5
 Accordingly, defendant's motion for summary affirmance is denied, and plaintiffs' motion for summary reversal is granted. , the case is remanded to the district court with directions to vacate its order granting summary judgment, and for further proceedings as the district court deems appropriate.
 
 
 6
 Remanded with directions.
 
 
 
 [1]
 Defendant also submitted a copy of its General Terms and Conditions, which provide in pertinent part:
 6(f): . . . The company will not be responsible for the use, care or handling of service delivered to the customer after same passes beyond the point of service connection. (Brogle R. 27; Gore R. 35) 5(i): The customer shall be responsible beyond the point of connection for distribution and control of service delivered by the company. The customer shall save the company harmless from any suit arising, occurring or resulting from the receipt or use of service by the customer. (Brogle R. 26; Gore R. 34)
 However, this contract does not relieve defendant of liability to an injured party. It merely gives defendant a cause of action for indemnification against its customer. The proper procedure is for defendant to implead its customer as a third party defendant under Rule 14(a) of the Federal Rules of Civil Procedure.