Edward V. **CLEMENTS**

v.

**HOLIDAY INNS, INCORPORATED,** Holiday Inns of America, Holiday Inns System, Holiday Inn, Holiday Inns, Holiday Inn Hotel.

Civ. A. No. 83–4725.

United States District Court, E.D. Pennsylvania.

Oct. 31, 1984.

Gregory John Hannon, Brobyn & Forceno, Philadelphia, Pa., for plaintiff.

Dennis L. Platt, Sweeney, Sheehan & Spencer, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HANNUM, Senior District Judge.

The plaintiff, Edward V. Clements, seeks damages for injuries he sustained in an alleged assault which took place while he was staying at the Holiday Inn, 1311 Walnut Street, Philadelphia, Pennsylvania [hereinafter referred to as "Walnut Street Holiday Inn"]. The defendants [1] now move to dismiss the amended complaint for lack of subject matter jurisdiction.

### I. Background

The plaintiff alleges that he was robbed and severely assaulted and beaten on July 28, 1982 at the Walnut Street Holiday Inn by an individual who was not a registered guest at the hotel. Plaintiff contends that on July 28, 1982 he was a properly registered guest at the Walnut Street Holiday Inn. As a result of the assault and beating, plaintiff asserts that he suffered a fractured nasal bone, lacerations of the face and other physical injuries. According to the amended complaint he has undergone several operations and has been hospitalized several times for treatment of a subdural hematoma.

The plaintiff contends that the assault, beating, and his resulting injuries were a direct consequence of the negligence of Holiday Inns, Inc. and/or its employees, agents, servants, and licensees.

### II. The Motion To Dismiss

    A. *The Motion To Dismiss Is Misdenominated As A Motion To Dismiss For Lack Of Subject Matter Jurisdiction.*

The defendant's motion seeks dismissal of the amended complaint for lack of diver-

---

**1.** Paragraph 3 of the amended complaint, Docket Entry No. 6, states: "The defendants, Holiday Inns. Incorporated, Holiday Inns of America, Holiday Inns System, HOLIDAY INN, Holiday Inns, and Holiday Inn Hotel, are a corporation organized and incorporated under the laws of the [S]tate of Tennessee, whose principle [sic] place of business is at 3742 Lamar Avenue, Memphis, TN 38195." For the sake of clarity, the defendants will hereinafter be referred to collectively as Holiday Inns, Inc. and be referred to in the singular.

sity of citizenship pursuant to FED.R. CIV.P. 12(b)(1). Plaintiff is a citizen of Pennsylvania. Holiday Inns, Inc. is alleged to be incorporated under the laws of Tennessee and to maintain its principal place of business in Memphis, Tennessee.[2] Therefore, for purposes of determining diversity jurisdiction, defendant is a citizen of Tennessee. *See* 28 U.S.C. § 1332(c). On the face of the complaint, diversity of citizenship exists between the parties.[3]

The defendant contends that diversity is lacking because the real party in interest in this litigation is not Holiday Inns, Inc., but instead is the corporation which owns the Walnut Street Holiday Inn. Defendant's claim that it is not the real party in interest is not the proper subject matter for a motion to dismiss for lack of subject matter jurisdiction. The defendant's arguments are better suited to a motion to dismiss for failure to join an indispensable party pursuant to FED.R.CIV.P. 12(b)(7).

### B. *Is Independence Motor Inn Corporation An Indispensable Party?*

The defendant claims that Independence Motor Inn Corporation is an indispensable party to this litigation. Independence Motor Inn Corporation [hereinafter referred to as "Independence"] maintains a licensing agreement with Holiday Inns, Inc. allowing it to operate a Holiday Inn at 1311 Walnut Street in Philadelphia. The defendant claims that, at all relevant times, Independence owned, operated, supervised, managed, had control over, and formulated operational policies at the Walnut Street Holiday Inn. Furthermore, the defendant contends that it maintains no control whatsoever over the premises where the alleged assault occurred.

Plaintiff claims, however, that an agency relationship exists between Holiday Inns, Inc. and Independence. Based on provisions of the licensing agreement, the plaintiff contends that the defendant controlled the daily operations of the Walnut Street Holiday Inn. Under the terms of the licensing agreement, the licensee, Independence, agrees to operate the hotel according to the Holiday Inn "System" and the Rules of Operation set forth in the Operating Manual. The licensing agreement requires that the hotel manager attend and graduate from the Holiday Inn University in Memphis, Tennessee. The agreement also provides for regular inspections of the premises to assure compliance with the "System" and Rules of Operation. The licensee agrees to indemnify Holiday Inns, Inc. for all liability imposed by law arising out of the operations, conditions, use, or occupancy of the licensed Holiday Inn. These provisions and others in the licensing agreement are relied upon by the plaintiff to assert the existence of an agency relationship between Holiday Inns, Inc. and Independence.

For the purpose of ruling on a Rule 12(b)(7) motion, well-pleaded factual allegations in the complaint are accepted as true. *McCann v. Pierson,* 78 F.R.D. 347, 348–49 (E.D.Pa.1978). Plaintiff has shown that a set of facts does exist that, if proved, could sustain the allegations of an agency relationship between Holiday Inns, Inc. and Independence. Therefore, the issue becomes whether Independence, the putative agent, is an indispensable party in a negligence action against Holiday Inns, Inc., the principal.

Even though the principal and the agent are both involved in allegedly wrongful acts, both are not necessarily indispensable parties to an action arising out of those acts. *E.g., Cass v. Sonneblick-Goldman Corp.,* 287 F.Supp. 815, 818 (E.D.Pa. 1968). There is no inflexible rule requiring that a plaintiff always name the agent as a defendant in a suit instituted against the principal. Furthermore, there is no algorithm, i.e., no simplistic mechanical procedure, for determining whether a person is

---

**2.** *See supra* note 1.

**3.** In the answers to both the complaint and the amended complaint, defendant did not deny the citizenship allegations pertaining to the state of incorporation and principal place of business.

an indispensable party; the determination must be guided by practical and equitable considerations arising from the circumstances of the individual cases. *Cass*, 287 F.Supp. at 818.

Rule 19 of the Federal Rules of Civil Procedure governs the joinder of persons needed for a just adjudication of an action. *Field v. Volkswagenwerk AG*, 626 F.2d 293 (3d Cir.1980), presents a framework for analysis under Rule 19. Rule 19 "embraces all those persons who should be joined, including those whose joinder is not feasible and who ultimately may be regarded as indispensable under Rule 19(b). Rule 19(b) itself is applicable only if a person who should be joined under the provisions of rule 19(a) cannot be made a party for some reason." *Id.* at 300 (note omitted) (citing 7 Wright & Miller, Federal Practice And Procedure § 1604, at 32).

■ Thus, the first question is whether Independence is a party to be joined if feasible under Rule 19(a).

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

FED.R.CIV.P. 19(a). Rule 19(a)(2) "attempts to guarantee that all parties interested in a particular lawsuit have the chance to affect the outcome and will have the benefit of finality as to the judgment rendered." *Rainbow Trucking, Inc. v. Ennia Ins. Co.*, 500 F.Supp. 96, 98 (E.D.Pa. 1980). The interest possessed by Independence in this litigation stems from the licensing agreement with Holiday Inns, Inc., wherein Independence agreed to hold the licensor harmless from liability arising out of the operation of the Walnut Street Holiday Inn. If Holiday Inns, Inc. loses on the merits, Independence will likely be required to indemnify defendant pursuant to the indemnity clause of the agreement. Thus, practically speaking, a resolution of this action without Independence being joined may severely impair its ability to protect against incurring financial responsibility for the plaintiff's injuries. Consequently, if joinder is not accomplished in some fashion, Independence may suffer the variety of harm contemplated in Rule 19(a)(2)(i).

Although Independence may suffer the harm outlined in Rule 19(a)(2)(i), it does not have to be joined pursuant to Rule 19(a) because its joinder would destroy diversity of citizenship and deprive the Court of subject matter jurisdiction. The inquiry, however, does not end at this point. Rule 19(b) directs the Court to determine whether, in equity and good conscience, the action should proceed without the joinder of a person who cannot be made a party, but otherwise fits the requirements of Rule 19(a), or the action should be dismissed.

The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

FED.R.CIV.P. 19(b).

■ The Notes of The Advisory Committee clarify the first two factors outlined in the rule.

The first factor brings in a consideration of what a judgment in the action would mean to the absentee. Would the absentee be adversely affected in a practical sense, and if so, would the prejudice be immediate and serious, or remote and

minor? The possible collateral consequences of the judgment upon the parties already joined are also to be appraised....

The second factor calls attention to the measures by which prejudice may be averted or lessened.

In this case, Independence will probably bear the financial burden of any judgment that might be rendered against Holiday Inns, Inc. due to the indemnification clause in the licensing agreement. Nevertheless, this possible prejudice can be averted by Holiday Inns, Inc. impleading Independence as a third-party defendant pursuant to FED.R.CIV.P. 14(a).[4] Independence itself could also take action to avoid prejudice by seeking to intervene in this action pursuant to FED.R.CIV.P. 24.

■ Defendant's contention that Independence is an indispensable party is also based on alleged prejudice to Holiday Inns, Inc. resulting from the possible imposition of a liability which should rest, ultimately, with Independence. The defendant has alleged that, if any liability exists, it is that of Independence since Holiday Inns, Inc. maintains no control over the hotel where the alleged assault occurred. Defendant's argument was advanced and rejected in *Campbell v. Triangle Corporation*, 56 F.R.D. 480 (E.D.Pa.1972). The *Campbell* Court concluded that if the absentee alone was liable, the defendant could establish this fact at trial and prevent a judgment from being rendered against it. *Id.* at 482.

The third factor enunciated in Rule 19(b) dictates consideration of whether a judgment rendered in the absence of Independence will be adequate as between plaintiff and defendant. There is no question that an adequate remedy can be obtained by either of the current parties to this litigation without forcing the joinder of Independence.

■ The final consideration is whether the plaintiff will have an adequate remedy if the action is dismissed. Even though Plaintiff Clements may have an adequate remedy in state court, this fact alone is not enough to compel dismissal of this action. Although the presence of an adequate, alternative remedy is often a critical factor in deciding whether an action should be dismissed for non-joinder, it is not the sole factor involved in the decision.

### III. Conclusion

Under the "equity and good conscience" test of FED.R.CIV.P. 19(b), the Court concludes that Independence is not an indispensable party. Nonetheless, the Court is mindful that Independence has an interest in this litigation that should be protected. Consequently, the Court will order Independence to be served with notice of the pendency of this lawsuit so that it may protect its rights.

The defendant's argument that the suit should be dismissed because it is not the real party in interest is also rejected. In *Brogle v. South Carolina Electric & Gas Co., Inc.*, 509 F.2d 1216 (4th Cir.1975), the defendant utility company entered into a contract with its customers whereby the customer agreed to "save the electric company harmless from any suit arising, occurring, or resulting from the receipt of or use of the service by the customer." *Id.* at 1217 n. 1. The Court held that the indemnification clause did not relieve the electric company of liability to an injured party; it merely gave the defendant a cause of action for indemnification against its customer. The *Brogle* Court concluded that the proper procedure, in light of the indemnity provision, was for the defendant to implead its customer as a third party defendant. *Id.* The facts of this case result in the same procedural situation presented in *Brogle.* The proper remedial course for Holiday Inns, Inc. to follow is to implead

---

**4.** A claim brought against a third-party defendant by the defendant pursuant to FED.R.CIV.P. 14(a) falls within the ancillary jurisdiction of the federal courts; therefore, the inclusion of a third-party claim is justified even though it does not itself meet the test of diversity of citizenship or raise a federal question. *Tiesler v. Martin Paint Stores, Inc.,* 76 F.R.D. 640, 642 (E.D.Pa. 1977).

Independence Motor Inn Corporation as a third-party defendant under FED.R.CIV. 14(a).