978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie J. SMITH, Plaintiff-Appellant,
v.
Aaron E. HAITH, Indiana Public Defender, Marion County,
Indiana, Indiana Public Defender's Office, et al.
Defendants-Appellees.
 No. 92-1190.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 14, 1992.*
Decided Oct. 23, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Willie J. Smith is an inmate at the Westville Correctional Center serving concurrent twenty year sentences for robbery, conspiracy to commit robbery, burglary, and conspiracy to commit burglary. In this suit Smith alleges that he was convicted unjustly due to the corruption and malfeasance of the appellees. He bases this action principally on 42 U.S.C. § 1983, but relies as well on §§ 1981, 1985, and 1986. The appellees, named presumably for their involvement in Smith's arrest, prosecution, defense, and appeal, all moved for dismissal. Marion County, Sergeant Roy West, and Detective Miner Trathen filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants Aaron Haith and the Indiana State Public Defender moved for summary judgment under Federal Rule of Civil Procedure 56. Smith failed to oppose these motions, all of which the district court granted.
 
 
 2
 After reviewing that decision, the court concludes that the district judge properly granted the motions to dismiss and for summary judgment. Accordingly, we affirm the decision of the district court, essentially for the reasons stated in the attached order issued by the late Judge James E. Noland.
 
 
 3
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 INDIANAPOLIS DIVISION
 
 4
 WILLIE J. SMITH, Plaintiff,
 
 
 5
 v.
 
 
 6
 AARON E. HAITH, MARION COUNTY OF INDIANA, INDPLS., PUBLIC
 
 DEFENDER OF INDIANA, SGT. ROY WEST, DETECTIVE
 
 7
 MINER TRATHEN, Defendants.
 
 CAUSE NO. IP 90-2236-C
 Dec. 16, 1991
 
 8
 ENTRY GRANTING MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT
 
 AND DIRECTING ENTRY OF JUDGMENT
 
 9
 This cause is before the Court on the plaintiff's complaint and amended complaints and on the dispositive motions of various defendants.
 
 
 10
 Whereupon the Court, having read and examined such complaint, amended complaint and motions, and being duly advised, now makes its ruling.
 
 BACKGROUND
 
 11
 Plaintiff Willie J. Smith ("Smith") is an inmate at the Westville Correctional Center serving concurrent twenty (20) year sentences imposed in May 1988 by a Marion County court following his conviction for conspiracy to commit robbery, conspiracy to commit burglary and burglary. The circumstances surrounding his offense are set forth in the opinion of the Indiana Supreme Court in Smith v. State, 459 N.E.2d 1036 (Ind.1990). The present action is the civil counterpart of Smith's contentions in his direct appeal and postconviction action, see IP 90-1736-C, that he was unjustly convicted as the result of the corruption and malfeasance of a number of persons associated with his arrest, prosecution, defense and appeal. Those persons, at least insofar as they are included in this action, have uniformly filed dispositive motions directed to the plaintiff's claims. The plaintiff has not opposed any of those motions which are now ripe for ruling.
 
 
 12
 The principal basis of Smith's action is 42 U.S.C. § 1983, though he also enlists firepower drawn from 42 U.S.C. §§ 1981, 1985 and 1986. Consistent with these statutes he alleges the deprivation of his federally secured rights and a conspiracy to accomplish that same end.
 
 
 13
 The action was commenced on January 22, 1991 when the plaintiff paid the filing fee. (His earlier request to proceed in forma pauperis was denied because Smith was not financially unable to prepay the filing fee.) The Court thereafter granted in part the plaintiff's request to file amended complaints, resulting in the addition of defendants Sgt. Roy West and Det. Miner Trathen.
 
 
 14
 Though voluminous, Smith's claims are straightforward. He first claims that his court-appointed attorney in his direct appeal was ineffective in not presenting certain claims. Essentially the same complaint is made with respect to the Public Defender of Indiana. Through the amended complaint Smith alleges that defendants Trathen and West corruptly conducted the investigation in order to please their superiors. The claim against Marion County mirrors that against the defendant police officers.
 
 DISCUSSION
 
 15
 Certain defendants have filed motions to dismiss the complaint for failure to state a claim upon which relief can be granted, while others have sought the entry of summary judgment. These motions must, of course, be considered separately.
 
 The Motions to Dismiss
 
 16
 Defendants Marion County, West and Trathen seek dismissal of the action based on the failure of the amended complaint to state a claim upon which relief can be granted. Their argument had three elements, each of which the Court would find persuasive.
 
 
 17
 The Statute of Limitations. Defendants Trathen, West and Marion County seek the dismissal of this action based on the commencement of the action beyond Indiana's two-year statute of limitations. Marion County was one of the three original defendants in this action. Sgt. West was added as a defendant effective February 25, 1991 and Detective Trathen was added as a defendant on May 17, 1991. The claims against each of these defendants have at least one thing in common. That is, they are based on the conduct of the police officers in conducting and reporting on their investigation. This investigation necessarily concluded no later than the date sentence was imposed on Smith, i.e., May 20, 1988.
 
 
 18
 In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court directed that courts apply a state's statute of limitations for personal injury suits to suits brought pursuant to 42 U.S.C. § 1983. That period, in Indiana, is two (2) years. See Ind.Code 34-1-2-2. In light of the Supreme Court's directive in Wilson, the Court of Appeals has held that plaintiffs whose § 1983 action accrued before Wilson was decided, April 17, 1985, are required to file their § 1983 suit either five years from the date of the action or two years after Wilson, whichever period of time expired first. Loy v. Clamme, 804 F.2d 405, 407 (7th Cir.1986); Dugan v. Ball State University, 815 F.2d 1132, 1135 (7th Cir.1987).
 
 
 19
 The statute of limitations for a § 1983 action begins to run when a reasonable plaintiff "knew or should have known" of facts supporting a claim of discrimination. Kuemmerlein v. Board of Educ., 894 F.2d 257, 261 (7th Cir.1990); Sandutch v. Muroski, 684 F.2d 252, 254 (3rd Cir.1982). The plaintiff's prosecution apparently took place in 1987 and 1988. The conspiracy to which he alludes (in very confusing and conclusory terms) is not alleged to have continued past the date of his conviction in May 1988. The plaintiff was obviously aware of the prosecution and the events which form the basis of his claim. The plaintiff's initial complaint was signed on November 26, 1990. It was mailed to the Clerk in an envelope postmarked December 20, 1990 and was processed by the Clerk on December 26, 1990. The amendments pertaining to defendants Trathen and West, of course, were added later. This is beyond the time period permitted to bring a civil rights action based on the incident the plaintiff has identified. The plaintiff's incarceration did not extend that period. Bailey v. Faulkner, 765 F.2d 102 (7th Cir.1985). The plaintiff's claims under 42 U.S.C. § 1983 against Marion County, Sgt. West and Detective Trathen are plainly time-barred. The same is true with respect to the claims under the Section 1981 and § 1985 claims. Salahuddin v. Coughlin, 647 F.Supp. 49, 51 (S.D.N.Y.1986). Unlike §§ 1981, 1983 and 1985, 42 U.S.C. § 1986 has its own statute of limitations which requires commencement of a suit within one year after the cause of action accrues. That, in effect, makes the time period shorter in the context of the present case and thus no viable action can be maintained under 42 U.S.C. § 1986.
 
 
 20
 The Sufficiency of the Complaint and Amended Complaints. The defendants seeking dismissal pursuant to Rule 12(b)(6) also argue that Smith's allegations are expressed in such conclusory fashion that no claim is stated at all. The standard for assessing the sufficiency of a complaint under Rule 12(b)(6) was recently reviewed in balanced terms by the Court of Appeals in Perkins v. Silverstein, 939 F.2d 463, 466-67 (7th Cir.1991):
 
 
 21
 In determining the propriety of dismissal under Fed.R.Civ.P. 12(b)(6), the district court ... must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences therefrom in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Corcoran v. Chicago Park District, 875 F.2d 609, 611 (7th Cir.1989); Gomez v. Illinois State Board of Education, 811 F.2d 1030, 1032-33 (7th Cir.1987). If it appears beyond doubt that plaintiffs can prove any set of facts consistent with the allegations in the complaint which would entitle them to relief, dismissal is inappropriate. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Illinois Health Care Ass'n v. Illinois Dept. of Public Health, 879 F.2d 286, 288 (7th Cir.1989). They may not avoid dismissal, however, simply by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims. Sutliff, Inc. v. Donovan Companies, 727 F.2d 648, 654 (7th Cir.1984); see also, Gomez, 811 F.2d at 1033 (court not bound by plaintiff's legal characterization of the facts); Strauss v. City of Chicago, 760 F.2d 765, 767-68 (7th Cir.1985) (absence of any facts to support plaintiff's claim renders allegations mere legal conclusions subject to dismissal).
 
 
 22
 This explication of the standard is "balanced" in Perkins because it reflects the insight that factual allegations rather than bare legal conclusions must support a cause of action. In addition, we are careful to follow
 
 
 23
 the well-settled law of this Circuit that pro se complaints are not held to the stringent standards expected of pleadings drafted by lawyers. In contrast, pro se complaints are to be liberally construed.... We also recognize that ... a pro se civil rights complaint may only be dismissed if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief.
 
 
 24
 Wilson v. Civil Town of Clayton, 839 F.2d 375, 378 (7th Cir.1988) (citations omitted). See also Murphy v. Lane, 833 F.2d 106 (7th Cir.1987). Nonetheless, Smith's allegations are in fact hopelessly deficient. The allegation that a conspiracy existed is a legal conclusion which is not binding on the Court even when made by a pro se litigant, and this Court may not conjure facts to support such a claim where none are apparent from the allegations. Smith-Bey v. Hospital Administrator, 841 F.2d 751, 757 (7th Cir.1988). This conclusion
 
 
 25
 goes not to artlessness which, of course, may be forgiven in such pro se complaints, but to the lack of intimation of any facts underlying the claim. As we stated in Tarkowski v. Bartlett Realty Co., 644 F.2d 1204, 1208 (7th Cir.1980), "even a pro se litigant is required to allege something in the way of facts before his allegations of conspiracy may be deemed to state a claim.... mere conjecture that there has been a conspiracy is not enough...."
 
 
 26
 Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir.1981), aff'd on other grounds, Briscoe v. LaHue, 460 U.S. 325 (1983). In order to state a civil cause of action for conspiracy under § 1985, a plaintiff must set forth facts demonstrating an overt act. Leonard v. Argento, 699 F.2d 874, 883 (7th Cir.), cert. denied, 464 U.S. 815 (1983). The mere recitation of legal conclusions without any supporting factual allegations does not state a claim for relief. See Wilson v. Civil Town of Clayton, 839 F.2d 375, 379 (7th Cir.1988). Smith's claim that the defendants' acts were part of an ongoing conspiracy is conclusory and therefore insufficient to support the causes of action which he asserts.
 
 
 27
 The plaintiff has added to his primary claims under Section 1983 a bevy of other statutes. His claims under these, however, are uniformly insubstantial. Actions under 42 U.S.C. §§ 1981, 1985(2), 1985(3) and (derivatively) 1986 all rely on the existence of racial or other class-based invidious discriminatory animus. Lowe v. Letsinger, 772 F.2d 308, 311 (7th Cir.1985). See Williams v. St. Joseph Hosp., 629 F.2d 448, 452 (7th Cir.1980) (concerning 42 U.S.C. § 1986). Here, the plaintiff completely fails to allege that his prosecution or any other aspect of his treatment by the defendants was the result of racial or any other form of discrimination. As to the principal claim under 42 U.S.C. § 1983 itself, the plaintiff was convicted of the offenses charged and thus is not allowed now, in this civil action for damages, to challenge the evidence supporting that result. Currier v. Baldridge, 914 F.2d 993, 996 (7th Cir.1990), citing Allen v. McCurry, 449 U.S. 90 (1980). The same must be true concerning his claim that the defendant police officers' investigation was of a poor quality.
 
 
 28
 Claim Against Municipal Defendants. In addition to the foregoing, it may also be noted briefly that the plaintiff has not alleged a custom or policy by Marion County or any of its law enforcement agencies to deprive its citizens of their constitutional rights. The absence of such an allegation, supported by even a meager factual basis, requires the dismissal of this action as to Marion County and defendants West and Trathen in their official capacities. Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 1203 (1989) (For a municipality to be held liable under § 1983, a plaintiff must prove a direct causal link between an official policy or custom of the municipality and an actual constitutional deprivation); Thompson v. Duke, 882 F.2d 1180, 1187 (7th Cir.1989).
 
 The Motions for Summary Judgment
 
 29
 Defendants Haith and the Indiana Public Defender have moved for summary judgment. Smith has been notified of the nature of such motions, of the proper manner in which to respond and of the consequences of failing to respond. He has, nonetheless, failed to respond.
 
 
 30
 The Indiana Public Defender has established without contradiction from Smith that neither she nor her deupties or office had a role in representing the plaintiff before trial, at trial or in his direct appeal. She played no role in the plaintiff's pilgrimage through the Indiana courts and thus owed him no duty. Garza v. Henderson, 779 F.2d 390, 395 (7th Cir.1985). She is entitled to judgment as a matter of law.
 
 
 31
 Defendant Haith has established without contradiction from Smith that he represented the plaintiff only in his direct appeal. He has effectively made the case that he presented appropriate claims on appeal, that he did so in a manner which Indiana law permits and that to have presented additional claims or the same claims in a different manner would have prejudiced Smith's appeal. The disposition of the action as to him, however, rests not only on this basis, but also on the long-recognized fact that in his role as public defender defendant Haith did not act "under color of state law." As was noted in Kurowski v. Krajewski, 848 F.2d 767, 769 (7th Cir.1988):
 
 
 32
 Public defenders represent criminal defendants, and their loyalty as advocates runs to their clients, not to their employer. Although paid by the state, in their role as counsel they are not even "state actors." Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453 (1981).
 
 
 33
 This principle was applied in Cornes v. Munoz, 724 F.2d 61 (7th Cir.1983), where a claim that a public defender was guilty of legal malpractice because of the failure to include certain claims on appeal was dismissed for failure to allege action "under color of state law."
 
 ORDER
 
 34
 On the basis of the foregoing, therefore,
 
 
 35
 IT IS NOW ORDERED that the motion to dismiss of defendants Marion County, West and Trathen are GRANTED; and
 
 
 36
 IT IS FURTHER ORDERED that the motions for summary judgment of defendants Haith and the Indiana State Public Defender are also GRANTED. Judgment consistent with this Entry shall now issue.
 
 
 37
 /s/James F. NOLAND, Judge
 
 United States District Court
 Willie J. Smith, # 882646
 Westville Correctional Center
 P.O. Box 473
 Westville, Indiana 46391-0473
 Jeffrey J. Stafford
 City-County Legal Division
 1601 City-County Building
 Indianapolis, Indiana 46204
 Aaron Haith
 151 North Delaware, Suite # 740
 Indianapolis, Indiana 46204
 David Haskett
 1000 Capital Center South
 
 38
 201 N. Illinois St.
 
 Indianapolis, Indiana 46204
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record