**Jacob SAMPSON, Plaintiff,**

v.

**YELLOW CAB COMPANY, Stamford Capital and Michael M. Mordini, Defendants.**

No. 99 C 180.

United States District Court,
N.D. Illinois,
Eastern Division.

June 15, 1999.

Jacob Sampson, Chicago, IL, for Jacob Sampson, plaintiff.

Alvin R. Becker, Christopher A. White, Beermann, Swerdlove, Woloshin, Barezky, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Jacob Sampson has filed a four-count pro se amended complaint, alleging, inter alia, a conspiracy to obstruct justice pursuant to 42 U.S.C. § 1985(2), fraud upon the court, and unspecified state law claims arising out of a January 8, 1995, traffic accident between plaintiff, an Illi-

nois resident, and a taxicab. Before bringing the instant suit, plaintiff sued defendant Yellow Cab and one of its attorneys, Joanna Moscow ("Moscow"), in state court. Defendants Yellow Cab Company ("Yellow Cab") (an Illinois resident), Stamford Capital (a Connecticut corporation), and Yellow Cab's attorney Michael Mordini ("Mordini") (an Illinois resident) have filed a motion to dismiss. Defendants argue that: (1) the court does not have jurisdiction over plaintiff's suit because the defendants are not diverse and his claims do not involve a federal question; (2) the court does not have jurisdiction under the *Rooker-Feldman* doctrine; and (3) even if the court has jurisdiction, res judicata bars plaintiff's claims.

Plaintiff has moved to file a second amended complaint attempting to cure some of the defects defendants noted in their motion to dismiss. In his second amended complaint, plaintiff adds allegations that defendants violated 42 U.S.C. §§ 1981 and 1986, and drops defendant Mordini. The court ordered defendants to respond to the second amended complaint in their reply brief. The court finds that the second amended complaint does not cure the defects in the amended complaint. The court concludes that it does not have jurisdiction over the instant suit, and that even if it had jurisdiction, plaintiff's claims are barred by the doctrine of res judicata.

■ Defendants argue that jurisdiction cannot be based on diversity of citizenship because plaintiff, defendant Yellow Cab, and defendant Mordini are all Illinois citizens. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) ("The current general-diversity statute, permitting federal district court jurisdiction over suits for more than $50,000 between ... citizens of different States,' 28 U.S.C. § 1332(a), thus applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). Plaintiff argues that this court can assume pendant jurisdiction

over Yellow Cab because he dropped Mordini as a defendant in his second amended complaint, and because the citizenship of Yellow Cab's parent corporation, Stamford Capital, is diverse.

In support of his argument, plaintiff cites *Campbell v. Triangle Corp.*, 336 F.Supp. 1002 (E.D.Pa.1972), in which Judge Lord assumed pendant jurisdiction over the non-diverse subsidiary of a diverse parent corporation. Plaintiff neglects the fact that Judge Lord reconsidered his decision and allowed the plaintiff to dismiss the non-diverse defendant after the Third Circuit ruled that the doctrine of pendant jurisdiction could not preserve federal jurisdiction in a diversity action if one of the defendants resided in the same state as the plaintiff. *See Campbell v. Triangle Corp.*, 56 F.R.D. 480, 481 (E.D.Pa.1972) (citing *Seyler v. Steuben Motors, Inc.*, 462 F.2d 181, 181–82 (3rd Cir.1972)). The court declines to follow *Campbell*, a quarter-century-old case from another district whose essential holding has been rejected by courts and commentators alike. *See, e.g., J.M. Resources Inc. v. Petro–Pak Resources, Ltd.*, 581 F.Supp. 629, 630–31 (D.Colo.1984) (rejecting the notion that the pendant parties doctrine allows a court to take jurisdiction without complete diversity); Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3567.2 (1984) ("This assault on the rule of complete diversity, which the Supreme Court laid down in 1806 for cases under the general diversity statute, has now been authoritatively rebuffed."). As the Supreme Court has stated, the history of 28 U.S.C. § 1332(a) "clearly demonstrates a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Because plaintiff and Yellow Cab are both Illinois citizens, diversity of citizenship cannot provide the basis for jurisdiction in the instant case.

■ Plaintiff also argues that the court has jurisdiction over this action because it arises under federal law. Plaintiff alleges violations of 42 U.S.C. §§ 1981, 1985(2), and 1986, and insists that the court has jurisdiction over these claims under 28 U.S.C. § 1331 (conferring upon the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States") and 28 U.S.C. § 1343 (conferring jurisdiction over § 1985 claims).[1] Because plaintiff does not allege that he was subjected to racial discrimination while making a contract or enforcing his contract rights, plaintiff does not state a claim under Section 1981. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 176, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) ("Section 1981 cannot be construed as a general proscription of racial discrimination . . ., for it expressly prohibits discrimination only in the making and enforcement of contracts.").

■ Plaintiff likewise does not state a claim under Section 1985. To state a claim under this statute, plaintiff must allege facts evidencing a civil conspiracy, and must allege some sort of racial animus. *See Mural v. City of Chicago*, 1999 WL 259941, at *3 (N.D.Ill. Apr.19, 1999). Although in his second amended complaint plaintiff alleges "a racially motivated conspiracy," plaintiff does not allege his Section 1985 claim with sufficient particularity. Moreover, plaintiff does not identify himself as a member of any racial group. *See id.*

■ In addition, plaintiff's allegations of conspiracy are wholly conclusory. Under Section 1985(2), plaintiff must allege that two or more persons formed an agreement to inflict injury on him, and that this agreement culminated in an overt act that caused him damage. *See, e.g., Lenard v. Argento*, 699 F.2d 874, 882 (7th Cir.1983);

---

1. Defendants mistakenly refer to § 1343 as 28 U.S.C. § 1335.

*Copeland v. Northwestern Mem. Hosp.*, 964 F.Supp. 1225, 1234 (N.D.Ill.1997). Although plaintiff vaguely alleges that Yellow Cab and Stamford Capital conspired to "deny relief," he does not identify an overt act that caused him injury.[2] "The allegation that a conspiracy existed is a legal conclusion which is not binding on the Court even when made by a pro se litigant, and this Court may not conjure facts to support such a claim where none are apparent from the allegations." *Smith v. Haith*, 978 F.2d 1261, 1992 WL 311787, at *4 (7th Cir.1992); *see also Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir.1980) ("[E]ven a pro se litigant is required to allege something in the way of facts before his allegations of conspiracy may be deemed to state a claim."). The court concludes that because plaintiff does not plead his Section 1985 claim with sufficient particularity, 28 U.S.C. §§ 1331 and 1343 do not provide the basis for federal jurisdiction.

■■ Even if plaintiff had pled his Section 1985 claim sufficiently, the doctrine of res judicata would mandate dismissal of plaintiff's complaint.[3] In plaintiff's third amended complaint in state court, plaintiff alleged that defendants had engaged in a "conspiracy to obstruct justice displaying racial or otherwise class-based invidiously discriminatory animus" by filing a counterclaim, and alleged that Yellow Cab and its attorney, Moscow, had suppressed evidence by concealing the whereabouts of the taxicab driver, Justin Cofie ("Cofie"). A jury trial was held and plaintiff lost.

Plaintiff appealed, arguing, inter alia, that Yellow Cab had obstructed justice by causing the disappearance of Cofie and concealing photographs from the jury. The appellate court affirmed the lower court judgment in an unpublished opinion. *Sampson v. Yellow Cab Co.*, No. 1–97–2480 (Ill.App.Ct. April 20, 1998).

In the instant suit, plaintiff alleges that, in the course of representing Yellow Cab, Mordini suppressed evidence in the form of certain photographs. In the second amended complaint plaintiff seeks to file, he alleges "a racially motivated conspiracy to interfere with [his] civil rights outside of court proceedings," referring specifically to the accident itself and to his allegations that defendants engaged in "criminal obstructions of justice, concealed evidence, [and] concealed whereabouts of the key witness-cab driver...."

■ To decide whether res judicata bars plaintiff's federal claims, this court must determine whether the state court, under state law, "would give the [prior state court] judgment preclusive effect against the claims asserted in the federal action." *Pirela v. Village of North Aurora*, 935 F.2d 909, 911 (7th Cir.1991). A federal court will consider the federal claim only "if the state would allow for reconsideration of [the] previously decided claim or if the federal plaintiff did not have an adequate chance to address the claim during the state action...." *Garry*, 82 F.3d at 1367 n. 8.

**2.** The court notes that winning a jury trial does not amount to an overt act.

**3.** Defendants argue, in the alternative, that the *Rooker–Feldman* doctrine deprives this court of jurisdiction. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). *Rooker–Feldman* deprives lower federal courts of jurisdiction to engage in appellate review of state court judgments. *See Garry v. Geils*, 82 F.3d 1362 (7th Cir.1996). Although a federal claim that alleges injury caused by a state court decision raises *Rooker–Feldman*, "a federal claim alleging a prior injury that a state court failed to remedy" raises "a potential res judicata problem but not *Rooker–Feldman*." *Id.* at 1366–67. In all but the unusual case, *Rooker–Feldman* applies when the federal plaintiff was the defendant in state court, and res judicata applies when the federal plaintiff was the plaintiff in state court. *Id.* at 1367. Because the plaintiff in the instant case was the plaintiff in state court, and does not assert "injury at the hands of the court," *Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir.1995), *Rooker–Feldman* does not apply.

For res judicata to apply under Illinois law, "there must be (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or privies in the two suits." *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 913 (7th Cir.1993). Element one is satisfied because the state court jury verdict is a judgment on the merits that must be given preclusive effect, and the state appellate court's affirmance of this verdict likewise amounts to a final judgment on the merits. Element three is satisfied because the parties in the two suits are essentially identical. Plaintiff's addition of Yellow Cab's parent Stamford Capital (who was not a party to the state court suit) as a defendant in the instant suit appears to be merely a barefaced attempt to create diversity jurisdiction. In addition, although plaintiff sued attorney Moscow in the state court suit and is attempting to sue attorney Mordini in the instant case, Moscow and Mordini belong to the same law firm and both represent Yellow Cab. In any event, plaintiff drops attorney Mordini from the suit in his second amended complaint.

As for element two, whether there is an identity of the causes of action, Illinois courts consider "separate claims ... the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc. v. City of Highland*, 184 Ill.2d 290, 234 Ill.Dec. 783, 703 N.E.2d 883, 893 (1998). The claims plaintiff makes in both his amended complaint and his second amended complaint arise from the same nucleus of facts as the claims decided by the jury and by the appellate court. The jury found for defendant on the state law claims arising out of the accident and presumably concluded that Yellow Cab had not caused the taxicab driver to disappear. The appellate court affirmed the state court's judgment, rejecting plaintiff's claims that defendants had concealed evidence or otherwise obstructed justice in the course of the trial. Although in the state court suit plaintiff linked his allegations of invidious discrimination to defendants' counterclaims, while in the instant suit he links his allegations of racial animus both to the accident itself and to defendants' alleged obstructions of justice, plaintiff's claims in the instant suit arise out of the identical facts (various defendants' conduct during the accident and at trial) as his claims in the state court suit. Thus, even if this court had jurisdiction over the instant suit, plaintiff's claims would be barred by res judicata. The court therefore grants defendants' motion to dismiss.